IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRY D. WILLIAMS AND<br>JOLENE B. WILLIAMS,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION A/K/A FANNIE MAE,<br>BAC HOME LOANS SERVICING, L.P.<br>AND BANK OF AMERICA, N.A.,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 2:11-CV-157-J |

## Memorandum Opinion

Plaintiffs sue to set aside a foreclosure sale of certain private property by BAC Home Loans Servicing, L.P. and for damages. By verified complaint they allege breach of contract, negligence, breach of fiduciary duty and civil conspiracy. Before the Court is Defendants' *Motion for Summary Judgment and Motion to Dismiss*. Plaintiffs did not respond to Defendants' motion.

### Statement of Facts

Plaintiffs Terry D. Williams and Jolene B. Williams borrowed money from BAC Home Loans Servicing, L.P., then known as Countrywide Home Loans Servicing, L.P., to purchase a home in Canyon, TX. The mortgage was secured by a deed of trust. Defendants BAC Home Loans Servicing, L.P. ("BAC") serviced the mortgage. BAC was formerly known as Countrywide Home Loans Servicing, L.P. Defendant Bank of America, N.A., is the successor entity of a merger between Bank of America, N.A. and BAC Home Loans Servicing. Federal

National Mortgage Association a/k/a Fannie Mae ("Fannie Mae") is a government sponsored entity that guarantees home mortgages.

After they fell behind on their mortgage payments, the Plaintiffs agreed to a loan modification with BAC. By their sworn pleading the Williams claim that after the modification they made all required payments following the modification. They allege that despite doing so BAC accused them of falling behind on their monthly payments, told them there was no loan modification, and claimed that the loan modification had been denied.

The Williams allege that they attempted to correct the misunderstanding, but BAC sent them default notices threatening to foreclose on the property. Plaintiffs allege they investigated and discovered that their monthly payments were not being applied to their mortgage account but were instead applied to miscellaneous categories unrelated to their mortgage. They also allege that a portion of their delinquent payments that represented the "escrow portion" of their monthly payments was added to the principal balance of the loan but not credited to their escrow account.

Defendants allege that Plaintiffs were delinquent on monthly payments of $1,485.29. Jennifer Settlow, who is a "litigation specialist" for Bank of America, N.A., avers that Plaintiffs failed to make the required payments to "escrow for property taxes, private mortgage insurance, and casualty insurance" along with the monthly principal and interest payments on the mortgage. Settlow avers that Plaintiffs' last made a payment on their loan in October, 2010.

Plaintiffs claim that at some point BAC informed them they were required to apply for a second loan modification. They allege they did, but before the modification was approved BAC notified them that they had defaulted on their loan and, per the terms of the loan modification, their payments would be accelerated. Plaintiffs allege that when they contacted BAC regarding this notice they were told the notices were mistaken and that BAC would not foreclose on the

property. Defendants deny a second loan modification was ever offered or that they ever represented that they would not foreclose on Plaintiffs' property because the second loan modification was being processed. Jennifer Settlow avers that "at no time did Plaintiff Terry Williams enter into any loan modification agreement with Bank of America after his execution of the first Loan Modification."

Defendants posted the property for non-judicial foreclosure and on May 3, 2011, BAC sold the property to Fannie Mae at a trustee's sale in Randall County, Texas. On June 9, 2011, Plaintiffs were served with process for a Forcible Entry and Detainer suit filed by Fannie Mae.

On June 16, 2011, the Randall County District Court granted a temporary restraining order sought by the Williams to prevent Fannie Mae from seizing the property.

Soon after, the Williams brought this suit in state court. The Williams are suing Fannie Mae, BAC, and Bank of America, N.A. for: (1) breach of fiduciary duty; (2) breach of contract; (3) negligence and negligent misrepresentation of the terms of the loan. Plaintiffs also ask the Court to set aside the trustee's deed conveyed to Fannie Mae, arguing that Defendants had no plausible or legal basis to accelerate the payments on the note or remove them from their homestead. Plaintiffs seek actual damages, $1,000,000.00 for exemplary damages, attorney's fees, costs, and an accounting of their payments under the terms of their mortgage.

Defendants removed the suit to this Court and moved for summary judgment. They argue that: 1) Jolene Williams should be dismissed from the suit because she lacks standing to sue as a non-signatory of the promissory note; 2) Plaintiffs' breach of contract suit fails because an individual in default on a contract cannot maintain a suit for breach of contract; 3) that Plaintiffs' breach of contract claim is based on allegations barred by the Texas Statute of Frauds; 4) that Plaintiffs' fiduciary duty claim fails because lenders have no fiduciary duty to a debtor; 5)

that Plaintiffs' civil conspiracy claim fails because there was no unlawful purpose; 6) and, finally, that Plaintiffs' negligence claim is barred by the economic loss doctrine.

Plaintiffs did not respond to Defendants' summary judgment motion.

### Motion to Dismiss Jolene Williams as a Plaintiff

In order to bring a cause of action for breach of contract a plaintiff must establish that she is a party to the contract. *See Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 221 (Tex. App. –Houston [1st Dist.] 2004, pet. denied). Defendants argue Jolene Williams does not have standing to sue under a breach of contract theory because she is not a party to the note.

In Defendants' own summary judgment evidence, Jolene Williams is a co-signatory of the deed of trust which sets out the terms of the mortgage, and a co-signatory on documents titled "Renewal and Extension" and "Modification of Note and Security Instrument." Defendants' motion to dismiss Jolene B. Williams is denied.

### Summary Judgment Standard

A motion for summary judgment should be granted if the movant shows that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(a).

A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). To determine whether a genuine issue of material fact exists, courts must resolve all ambiguities of fact in favor of the non-moving party. *Id.* Summary judgment is mandated if the nonmovant fails to sufficiently establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584,

590 (1993); *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).

## Discussion

Defendants' motion for summary judgment is granted as to Plaintiffs' claims for breach of fiduciary duty, civil conspiracy, and negligence.

### A. Breach of Contract

There remain genuine issues of material facts regarding Plaintiffs' claim for breach of contract. However, any breach of contract claim premised on statements made by Defendants that "the notices were mistaken and that the Property would not be foreclosed," because Defendants were processing a second loan modification is barred by the Texas statute of frauds. TEX. BUS. & COMM. CODE § 26.02(b) applies to loan agreements in excess of $50,000. Under § 26.02(b), "the rights and obligations of the parties to an agreement...shall be determined solely from the written loan agreement, and any prior oral agreements between the parties are superseded by and merged into the loan agreement." § 26.02(c). Furthermore, "an agreement subject to Subsection (b) of this section may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." § 26.02(d).

Where Plaintiffs predicate their breach of contract claim on Defendants' oral statements that they would not foreclose on the property because they were processing a second loan modification, Plaintiffs are barred from enforcing those oral representations. See *Ellen v. F.H. Partners, LLC.*, 2010 WL 4909973 (Tex.App.-Austin, 2010) (finding that plaintiff's allegations that defendant told them they would not foreclose on the home until a later date was barred by the statute of frauds); *SP Terrace, L.P. v. Meritage Homes of Tex.*, 2010 WL 1840183, at *5

(Tex.App.-Houston [1st Dist.] May 6, 2010, no pet.) ("Generally, if a contract falls within the statute of frauds, then a party cannot enforce any subsequent oral material modification to the contract.").

Plaintiffs' allegations that they discovered their payments were being incorrectly applied to their mortgage account or that they received default notices showing a negative balance on the owed payments are not barred by the statute of frauds. These allegations are allegations of a breach of contract based on the terms of the written agreement between Plaintiffs and Defendants. Consequently, Plaintiffs' claim of breach of contract based on these allegations is not barred by the statute of frauds.

**B. Breach of Fiduciary Duty**

Plaintiffs argue Defendants breached their fiduciary duty to them. Defendants deny a fiduciary duty existed between themselves and the Plaintiffs. Generally, a fiduciary duty does not exist between a loan servicer and its client. *See Hinton v. Federal Nat'l Mortg. Ass'n*, 945 F.Supp. 1052, 1060 (S.D. Tex. 1996), *aff'd* 137 F.3d 1150 (5th Cir. 1998); *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital,* 192 S.W.3d 20, 36 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) ("Generally, the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own interests."). Defendants deny a fiduciary duty was ever created. Plaintiffs cannot sustain a claim for breach of fiduciary duty because no facts are presented that Defendants had a fiduciary duty to them.

**C. Negligence**

Plaintiffs' negligence claims arise out of alleged breaches of the loan modification. They allege that Defendants negligently performed their side of the agreement, negligently

misrepresented the terms of the loan modification, and misrepresented to the Plaintiffs that they would not foreclose on the property.

Plaintiffs' negligence claims are barred because they allege Defendants were negligent in their performance of the loan agreement, but, under Texas law, "the failure to perform the terms of a contract is a breach of contract, not a tort." *See Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). Texas uses a two-step approach to determine whether a Plaintiff may bring an additional negligence claim for allegations where there is an underlying claim for breach of contract: "First, a court should examine the faulted conduct to determine if it violates duties imposed by law, independent of those duties imposed by the contract. Next, it should examine the nature of the alleged injury, recognizing that "[w]hen the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." *See Heller Financial, Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518 (5th Cir. 1996) (quoting *Jim Walter Homes* at 618). Plaintiffs' allegations that Defendants negligently performed their obligations under the loan agreement and loan modification are equivalent to arguing Defendants failed to perform their obligations under the contract. Under Texas law Plaintiffs cannot pursue claims for negligence or negligent misrepresentation

**D. Civil Conspiracy**

Defendants claim their actions enforcing Plaintiffs' indebtedness were lawful because Plaintiffs were behind on their payments. Plaintiffs allege that they made timely payments under the loan modification but Defendants conspired against them to unlawfully push the Plaintiffs into default. Plaintiffs present no evidence to support this claim either in their sworn pleadings or in a response to the motion for summary judgment.

Furthermore, in order for there to be an actionable civil conspiracy claim there must be proof of an underlying tort. See *Toles v. Toles*, 113 S.W.3d 899 (Tex. App. Dallas 2003); *Prostok v. Browning,* 112 S.W.3d 876 (Tex. App. Dallas 2003). Conspiracy for breach of contract is not actionable under Texas law because there is no underlying tort. See *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452 (5th Cir. 2003). The only remaining Plaintiffs' claim is their claim for breach of contract. Accordingly, Plaintiffs' claim of civil conspiracy is dismissed.

## Conclusion

Defendants' motion for summary judgment is granted as to Plaintiffs' claims for breach of fiduciary duty, negligence, and civil conspiracy. However, because there are still issues of material fact to be resolved, summary judgment as to Plaintiffs' claim for breach of contract is denied in part but granted to the extent that Plaintiffs allege that Defendants would not foreclose because a second modification agreement was being processed. Defendants' motion for summary judgment on Plaintiffs claim for an accounting, to set aside trustee's deed, and for injunctive relief is denied. Defendants' motion to dismiss Plaintiff Jolene Williams for lack of standing is denied.

It is SO ORDERED.

Signed this the 13 of February, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE