IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRY D. WILLIAMS AND<br>JOLENE B. WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION A/K/A FANNIE MAE,<br>BAC HOME LOANS SERVICING, L.P.<br>AND BANK OF AMERICA, N.A.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 2:11-CV-157-J |

## Opinion

Plaintiffs sue to set aside a foreclosure sale of certain private property by BAC Home Loans Servicing, L.P. and for damages. By verified complaint they allege breach of contract, negligence, breach of fiduciary duty and civil conspiracy. This Court dismissed their claim for negligence, breach of fiduciary duty, and civil conspiracy in a previous order. Before the Court is Defendants' *Motion for Final Summary Judgment* filed March 28, 2012. Defendants seek summary judgment against Plaintiffs' remaining breach of contract claim and all requested relief. Plaintiffs did not respond to Defendants' motion.

### Statement of Facts

Defendant previously filed a motion for summary judgment against Plaintiffs' claims. The Court granted summary judgment against all of Plaintiffs' claims except for parts of the Plaintiffs' breach of contract claim and Plaintiffs' request to set aside the trustee's deed.

Plaintiffs' remaining cause of action for breach of contract is based on the following allegations: That Plaintiffs made the required payments under a loan modification, but Defendants improperly applied their payments to miscellaneous fees rather than to the interest and principal portions of their debt, and that delinquent payments to the "escrow portion" of their previous loan agreement were added to the principal balance of their loan but the amount was not credited to their escrow balance. Plaintiffs allege Defendants' actions were in violation of the loan agreement and modification. Plaintiffs also request an injunction against the Defendants' attempt at foreclosure and to set aside the trustee's deed because Defendants' had no legal right to foreclose on the property.

Defendants present notices of delinquency sent to the Williams during the time period before Defendants foreclosed on the property and requests for admissions they sent to Plaintiffs. These requests for admissions asked the Plaintiff to admit or deny the allegations which support their remaining claims:

- "Admit that Defendant Bank of America correctly applied all sums You paid under the Mortgage."

- "Admit you have no evidence supporting your contentions that Defendants did not correctly apply all payments You made under the Mortgage."

- "Admit you have no evidence supporting your contentions that Defendants did not properly administer your Mortgage."

- "Admit that the December 17, 2010 Notice of Default and Intent to Accelerate attached hereto...accurately reflects the [sic] Your amount due and owing under the Mortgage as of December 1, 2010."

Plaintiffs did not respond to Defendants' request for admissions. Defendants argue that Plaintiffs' failure to respond acts as an admission of the request. They argue that these admissions refute the remaining allegations in Plaintiffs' verified complaint that support their claim of breach of contract. Defendants further argue that because their administration of the mortgage was proper, Plaintiffs'

request to set aside the trustee's deed should be dismissed because Plaintiffs cannot show they have superior title to the deed.

## Summary Judgment Standard

A motion for summary judgment should be granted if the movant shows that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(a).

A party who moves for summary judgment has the burden of identifying the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). To determine whether a genuine issue of material fact exists, courts must resolve all ambiguities of fact in favor of the non-moving party. *Id.* Summary judgment is mandated if the nonmovant fails to sufficiently establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004).

## Discussion

*A. Plaintiffs' Breach of Contract Claim*

Plaintiffs fail to present sufficient evidence to pursue a breach of contract claim. To allege a breach of contract claim, a plaintiff must show that a defendant failed to perform an obligation of the contract. Plaintiffs allege that Defendants failed to properly administer the mortgage following the loan modification. Defendants present non-responded to requests for admissions from Plaintiffs that ask the Plaintiffs to admit they do not have any evidence that Defendants failed to properly administer the mortgage. Failure to respond to a request for admission acts as an admission. FED. R. CIV. P. 36(a)(3).

Defendants also present evidence of a number of default notices sent to Plaintiffs starting on November 10, 2010, including a notice of default and acceleration from December 10, 2010. Plaintiffs present no evidence to contradict either their admissions or the notices of default that show that, at the time of foreclosure, Plaintiffs owed a significant balance due on their mortgage and were in default. Plaintiffs cannot show that Defendants breached the terms of the mortgage or loan modification in misapplying payments, or that Plaintiffs were not in default at the time of the non-judicial foreclosure in May 2011. Accordingly, Plaintiffs claim for breach of contract will be dismissed.

B. *Plaintiffs' Claim to Set Aside Trustee's Deed*

Plaintiffs' claim to set aside the trustee's deed is likewise dismissed. In an action to quiet title, a plaintiff must show that they have superior title to the owner of the deed. *Kuggundu v. Mortgage Elctronic Registration Systems, Inc.*, 2011 WL 2606359 *7 (S.D. Tex. Jun 30, 2011)(citing *Rogers v. Ricane* Enters, 884 S.W.2d 763, 768 (Tex. 1994). Defendants' summary judgment evidence shows that Plaintiffs were in default, failed to cure their default, and Defendants did not misapply payments made to them under the terms of the mortgage. Plaintiffs present no evidence at summary judgment to show they held superior title at the time of the non-judicial foreclosure in May. Their claim to set aside trustee's deed will be dismissed.

## Conclusion

Defendant's motion for final summary judgment on all claims by Plaintiffs is granted. Judgment will be entered accordingly

It is SO ORDERED.

Signed this the 21st of May, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE